**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**__ALBANY DIVISION**

| | | |
|---|---|---|
| **DRESHAWN RAHEEM GREEN,** | : | |
| **Petitioner,** | : | |
| **VS.** | : | **NO. 1:26-cv-00032-LAG-CHW** |
| **SHERIFF TERRON HAYES,** | : | |
| **Respondent.** | : | |

**ORDER**

Petitioner Dreshawn Raheem Green, a detainee in the Dougherty County Jail in Albany, Georgia, filed a petition for a writ of habeas corpus and a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1 & 2. After being ordered to do so, Petitioner filed a recast petition and a new motion to proceed IFP. ECF Nos. 9 & 10. Petitioner's motion to proceed IFP was granted, and service of his petition was ordered. ECF No. 11.

Currently pending before this Court are two motions that Petitioner has filed, both of which contain multiple requests for relief. ECF Nos. 6 & 14. In the first motion, Petitioner seeks "leave of court," expedited review of his case, a temporary restraining order or injunction, and default judgment. ECF No. 6. In the second motion, Petitioner seeks "leave of court" and a copy of his recast petition. ECF No. 14. These motions are addressed in turn below.

I. First Motion

A. Leave of Court

In the heading of the motion, Petitioner indicates that he is seeking "leave of court." ECF No. 6 at 1. There is no corresponding "leave of court" section in the motion, but in the "introduction" section, Petitioner asserts that a principle known as the Dombrowski

Doctrine applies to his case as an exception to the general rule that federal courts must abstain from interfering in state criminal prosecutions. *Id.* at 1. Thus, it appears that Petitioner is seeking leave to supplement his petition to assert that this doctrine applies here. *See id.*

After this motion was filed, Petitioner was ordered to recast his petition on the Court's form, giving him the opportunity to include any arguments that he wanted to make in the recast petition. ECF No. 7. Although this motion was not specifically addressed in the order to recast, another motion that Petitioner had filed seeking to supplement his petition was denied as unnecessary, with the instruction that "Petitioner should include any information he wants the Court to consider in his recast petition." *Id.* at 1 n.1. Therefore, Petitioner had the opportunity to include this argument in his recast petition. Accordingly, this motion to supplement is **DENIED**.[1]

B. Expedited Consideration

Petitioner next contends that the Court should expedite consideration of an action pursuant to 18 U.S.C. § 1966. ECF No. 6 at 1. But that section relates to expediting civil actions instituted by the United States under laws governing racketeering cases. It does not apply to this case.

Petitioner also asserts that expedited consideration is appropriate under 28 U.S.C. § 1657, which provides that "the court shall expedite the consideration of any action brought under chapter 153 or section 1826 of this title, [or] any action for temporary or preliminary injunctive relief . . . if good cause therefor is shown." 28 U.S.C. § 1657(a). Chapter 153 of Title 28 governs habeas corpus cases.

---

[1]Nothing in this order precludes Petitioner from raising this doctrine as a defense against dismissal in the future if appropriate.

Petitioner has not shown good cause for expediting this case, as his petition "differs little from the vast majority of habeas petitions filed with this Court." *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001). Petitioner has not shown any "undue delay . . . . [or] that any delay in this case has been or will be highly prejudicial to him." *Id.* Thus, it is **RECOMMENDED** that Petitioner's motion to expedite this case be **DENIED**.

C. Temporary Restraining Order

Requesting a potential temporary restraining order or injunction, Petitioner states only that such relief "is executed under 18 U.S.C. 1963(3)(d)." It is unclear what statute Petitioner is referring to as 18 U.S.C. § 1963 concerns criminal penalties for racketeering activity. And while § 1963(d) refers to restraining orders or injunctions to preserve certain property, that section does not apply to this petition. Petitioner does not assert any facts or make any other argument in support of a temporary restraining order or injunction, and such relief is not ordinarily available in a habeas action. It is therefore **RECOMMENDED** that his motion for such relief be **DENIED**.

D. Default Judgment

Petitioner asks that a default judgment be entered against Respondent. ECF No. 6 at 2-3. When Petitioner filed this motion, Respondent had not been directed to answer the petition and was not in default. Even if Respondent had been, "default judgment is not an available remedy in federal habeas corpus cases." *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987). It is therefore **RECOMMENDED** that this motion be **DENIED**.

II. Second Motion

A. Leave of Court

Petitioner seeks leave of court to update his address to the Calhoun County Jail and to change the respondent to Calhoun County Sheriff Josh Hilton. ECF No. 14 at 1.

Petitioner's address has already been updated to the Calhoun County Jail. To the extent he is seeking to update the Respondent in this case, Petitioner's motion is **GRANTED**. The clerk is **DIRECTED** to update docket in this case to reflect that the respondent is Sheriff Josh Hilton and to serve Sheriff Hilton consistent with the instructions included in the June 24, 2026, order for service (ECF No. 11).

B. Copy of Recast Petition

Petitioner also seeks a copy of his recast petition in this case. ECF No. 14 at 1. The docket indicates that the clerk has mailed Petitioner a copy of that document. ECF No. 16. Therefore, this motion is **DENIED AS UNNECESSARY**. Petitioner is reminded that any future copies of case documents will require payment of fifty cents per page.

III. Conclusion

As set forth above, with regard to the first pending motion (ECF No. 6), Petitioner's request to supplement his petition is **DENIED**, and it is **RECOMMENDED** that Petitioner's requests for expedited relief, injunctive relief, and default judgment also be **DENIED**. As to the second motion (ECF No. 14), Petitioner's motion to update the respondent is **GRANTED**, and his request for a copy of his recast petition is **DENIED AS UNNECESSARY**.

IV. Objections

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written

objections. Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 6th day of August, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge